On Rehearing.
Spencer, J.
It seems' that in 1869 suit was instituted by one E. H. Caldwell against Mrs. M. W. Stewart and husband, C. S. Stewart, on a mortgage note of the wife for S3000. In that suit, it is said, Mr. Justice Marr, of this court, was of counsel for Mrs. Stewart and husband. That suit was dismissed, as in case of nonsuit, without trial. Subsequently, it was renewed in the name of M. D. Brooks, for use of Caldwell vs. Mrs. Stewart and husband, but the style of the suit was “Brooks vs. Stew *1040 art.” This last suit resulted in a decree of this court, 26 A. 714, in favor ■of plaintiff. In this last case, Mr. Justice Marr was not pretended to have been of counsel. The present suit is an injunction by the husband, C. S. Stewart, against the sale of certain property under execution of said j udgment in Brooks vs. Mrs. Stewart and husband, on the ground that the property seized belongs to the community, and is not liable to seizure under a judgment against the wife. The property seized is not that upon which the judgment in Brooks vs. Stewart recognized the mortgage. The present suit in no way involves the validity of the judgment of Brooks vs. Mrs. Stewart; nor the title or status of the property mortgaged in that case. But the counsel of C. S. Stewart, in his application for rehearing, for the first time suggests that Mr. Justice Marr, who delivered the opinion herein, should have recused himself; and insisted upon this as one of the grounds for rehearing. We do not think that the facts stated necessitate or even authorize a recusation. The sole question involved in this suit is whether a certain piece of property, in no way connected with the previous litigation, is the property of the community between C. S. Stewart and wife; and whether it is liable to seizure for the wife’s debt. Justice Marr was never “employed or consulted” in reference to any of these matters, as an attorney. We do not-see how the fact, if true, that he appeared as an attorney for Mrs. Stewart and husband in defense of the first suit, which was ■dismissed, or even in the renewed suit, in which Brooks obtained the judgment, could furnish cause of recusation in this suit, unless the validity of some of the proceedings in said previous suits or some of the questions then involved were brought again in question in this suit. We have seen that such is not the case; that the only thing connecting the present suit with the previous ones is that the judgment sought to be executed and enjoined was rendered in said former suit; but the validity, legality, and effect of that judgment, or of any of the proceed-. ings leading to it, are in no wise contested in this case. Justice Marr, however, though unconscious of having ever been of counsel at all, induced us to grant a rehearing.
We have reconsidered with great care the facts of this case, and the very elaborate and able argument of plaintiff’s counsel; but we are ■confirmed in the correctness of the decree heretofore rendered. The fundamental error of plaintiff’s argument is in supposing that Stewart, the husband, has the same rights as Ms creditors would have if attacking the sale. The question as to Stewart is one of estoppel, ilo principle of law is better settled than this, that one will not be heard in his own interest to controvert or deny the truth of a state of facts which he has openly and publicly led others to believe, and upon the faith, of which they have acted.
*1041 This property may indeed be community property, but C. 8. Stewart has, by his acts and conduct, debarred himself from asserting it to the prejudice of third persons. Thus, I may be the undoubted and absolute owner of a piece of property, yet if by my acts and conduct I hold another out to the world as owner, I will not be heard'to'assert my claim to the prejudice of those who may have been misled by me. We see no reason to doubt the correctness of the opinion and decree heretofore rendered. . ' •
It is therefore ordered, adjudged, and decreed that our former judgment and decree remain unchanged.
Mr. J ustiee Marr takes no part'in this decision.